This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**BANK OF OKLAHOMA, N.A.,**

Plaintiff-Appellant,

**v.**                                        **No. 32,481**

**ROCKY C. MARTINEZ,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Clay Campbell, District Judge**

Susan C. Little & Associates, Ltd.
Susan C. Little
Albuquerque, NM

for Appellant

Rocky C. Martinez
Albuquerque, NM

Pro Se Appellee

**MEMORANDUM OPINION**

**FRY, Judge.**

Plaintiff, Bank of Oklahoma, N.A., appeals from the district court's grant of summary judgment in its favor on its complaint seeking foreclosure of real property owned by Defendant, Rocky C. Martinez.  [RP 62, 96, 141, 146, 161]  The district

court entered judgment in favor of Plaintiff in the amount of the principal balance, interest, attorneys' fees, and costs of filing and service of process, but denied Plaintiff's request for additional amounts for mortgage insurance, property taxes, property insurance, appraisal, and foreclosure expenses, concluding these amounts were "not supported by the record and/or not compensable costs under the law." [RP 161, 164-66] We issued a notice proposing to summarily affirm and Plaintiff filed a memorandum in opposition and a motion to supplement the record proper with a transcript of the summary judgment hearing. We grant Plaintiff's motion to supplement the record but remain unpersuaded by Plaintiff's arguments and affirm.

In our notice, we proposed to affirm on the grounds that the expenses Plaintiff seeks are not litigation costs within the meaning of Rule 1-054(D) NMRA, and if viewed as expenses/damages under a contract theory, are not supported by the record. Plaintiff continues to argue that the expenses it seeks "should be recoverable under Rule 1-054(D) because they are supported by operating contract in this matter." [MIO 1-2] We disagree. Rule 1-054(D) addresses costs of litigation. *See Hale v. Basin Motor Co.*, 110 N.M. 314, 321, 795 P.2d 1006, 1013 (1990) ("A statutory award of costs is intended to reimburse the prevailing party for the expenses incurred in litigation."). The rule provides that certain types of costs are generally recoverable to the prevailing party, including filing fees, fees for service, jury fees, transcript fees,

deposition costs, certain witness expenses and expert witness fees, translator and interpreter fees, and fees involving the production of exhibits and certification of documents. Rule 1-054(D)(2). The expenses that Plaintiff seeks, which it describes as supported by the mortgage and note, are not litigation costs within the meaning of Rule 1-054(D).

Plaintiff also continues to argue that the expenses it seeks are recoverable as a matter of law and were adequately supported by the record. We do not decide whether the expenses were theoretically recoverable in this action because they were not adequately supported by the record. Plaintiff submitted an affidavit in support of its motion for summary judgment, requesting the following: escrow/impound required ($7,195.35), mortgage insurance premium ($1,982.40), late charges ($829.40), fees assessed with payoff quote ($20.00), fees required with payoff funds ($25.00), and fees currently assessed ($400.00). [RP 72] Following the summary judgment hearing, Plaintiff submitted an affidavit in support of attorneys' fees and costs. [RP 154] Plaintiff indicated the amounts it spent on the filing fee, service of process, recording of notice of lis pendens, title search, and updated title search. [RP 155-56] However, Plaintiff made no reference to the amounts it included in its earlier affidavit. Plaintiff states that it submitted a proposed form of judgment that included updated figures for mortgage insurance, property tax, property insurance, and the appraisal, but it appears

that Plaintiff did not include any additional documentation supporting its request for these amounts. [RP 165, 169]

Plaintiff argues that the affidavit it submitted in support of its motion for summary judgment "provided testimony and evidentiary support" for the expenses it seeks and included the required documentation as to the amount of the expenses. [MIO 4-5] Plaintiff argues that "[a]t the very least, the records support [its] entitlement to the sums requested in the original [a]ffidavit." [MIO 5] We disagree. Plaintiff attached six pages of supporting documents to its affidavit. [RP 74-79] Plaintiff does not connect the amount of expenses it seeks to any numbers contained in these documents. [RP 72] Moreover, the categories of expenses that Plaintiff stated it was seeking in its affidavit do not match the categories of expenses that Plaintiff included in its proposed form of judgment. In its affidavit, Plaintiff referred to the following categories of expenses: "Escrow/Impound Required, MI Premium Due, Late Charges, Fees Assessed with Payoff Quote, Fees Required with Payoff Funds, and Fees Currently Assess [sic]." [RP 72] In the proposed form of judgment, Plaintiff referred to: "PMI, Tax, Insurance, Appraisal, MI Premium, and Foreclosure Expenses." [RP 165-66] It is not clear how these categories tracked each other. On this record, we conclude that Plaintiff failed to meet its burden of establishing that it was entitled to judgment in its favor on the expenses it sought.

Plaintiff also continues to argue that it was denied due process in the district court. Plaintiff contends that it did not have notice that the district court was considering denying its request for expenses and was thus "denied any fair opportunity to be heard on this matter." [MIO 7] As we stated in our calendar notice, "[t]he question of whether an individual was afforded due process is a question of law that we review de novo." *State ex rel. Children, Youth & Families Dep't v. Mafin M.*, 2003-NMSC-015, ¶ 17, 133 N.M. 827, 70 P.3d 1266.

We have reviewed the transcript of the summary judgment hearing and conclude that Plaintiff was not denied due process. The district court held a hearing on Plaintiff's motion for summary judgment and heard argument from Defendant, appearing pro se, and counsel for Plaintiff. The parties argued the merits of Plaintiff's motion and the district court explained why it was granting summary judgment in Plaintiff's favor. At the end of the hearing, the district court asked counsel for Plaintiff to submit a proposed form of judgment, attaching courtesy copies of its affidavit in support of costs. [SRP Tr. 6/18/12, 18] Counsel for Plaintiff never raised the issue of the expense it was seeking and was in no way denied the opportunity to argue it was entitled to judgment in its favor on those expenses. Instead, Plaintiff elected to rely on the affidavit it submitted in support of its motion for summary judgment.

As a general rule, the district court has an obligation to afford a party the opportunity to be heard on an issue. *See Bass Enters. Prod. Co. v. Mosaic Potash Carlsbad Inc.*, 2010-NMCA-065, ¶ 53, 148 N.M. 516, 238 P.3d 885 ("Due process is a flexible concept whose essence is the right to be heard at a meaningful time and in a meaningful manner." (alteration, internal quotation marks, and citation omitted)). Where, as here, there is no indication that a party made an effort to be heard on an issue, we perceive no denial of due process.

For the reasons stated above and in our notice, we affirm.

**IT IS SO ORDERED.**

_____

**CYNTHIA A. FRY, Judge**

**WE CONCUR:**

_____

**RODERICK T. KENNEDY, Chief Judge**

_____

**JAMES J. WECHSLER, Judge**
*